Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SHARON BABCOCK,


 Appellant,


v.


TEXAS DEPARTMENT OF
PROTECTIVE AND REGULATORY
SERVICES,


 Appellee.

§


§


§


§


§

No. 08-03-00136-CV


Appeal from the


318th Judicial District Court


of Midland County, Texas


(TC# FM 38,886)




M E M O R A N D U M O P I N I O N


 This is an appeal from the involuntary termination of parental rights under Chapter
161.001 of the Texas Family Code. Tex. Fam. Code Ann. § 161.001 (Vernon 2002). For
the reasons stated, we affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 Appellant, Sharon Babcock, is the mother of Pamela Babcock King. Appellee, the
Texas Department of Protective and Regulatory Services ("the Department"), initiated a suit
to terminate the parental rights of King to her four children, R.K., K.K., J.J.S.B., and
A.A.S.B. At trial, Babcock sought to be appointed sole managing conservator of King's
children. After a jury trial, King's parental rights were terminated and the jury determined
that the Department should be appointed sole managing conservator of the four children. 

II. DISCUSSION


 Babcock presents two issues attacking the legal and factual sufficiency of the evidence
to support the termination of King's parental rights. She does not allege error in failing to
appoint her sole managing conservator of the children. The Department argues that Babcock
does not have standing to assert on appeal that the trial court erred in terminating King's
parental rights because she was a party to the suit solely on the issue of conservatorship. We
agree.

 As a general rule, a litigant can only assert his own legal rights. However, a litigant
may assert the rights of a third party if three criteria are met: first, the litigant must allege
"injury in fact," which is, a "sufficiently concrete interest" in the resolution of the disputed
issue; second, a close relationship must exist between the litigant and the third party; and,
finally, there must exist a "genuine obstacle" or hindrance to the third party's assertion of his
own right. Singleton v. Wulff, 428 U.S. 106, 112-16, 96 S.Ct. 2868, 2873-75, 49 L.Ed.2d 826
(1976). In the case at bar, there exists a close relationship between Babcock and King, that
of mother and daughter. However, Babcock does not allege "injury in fact," nor is there a
"genuine obstacle" to King's assertion of her own rights. In fact, King brings her own appeal
in a companion case to this appeal. See Sharon King v. Texas Dep't of Protective and
Regulatory Services, No. 08-03-00100-CV. While Babcock could have appealed the jury's
verdict in failing to appoint her sole managing conservator of the children, she did not. We
need not address the issues Babcock raises, as she does not have the right to assert such
issues on King's behalf. Accordingly, the judgment of the trial court is affirmed.

July 2, 2004



 RICHARD BARAJAS, Chief Justice


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.